**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LIBERTY MUTUAL INS. CO.,

                 Plaintiff,

         - against -

RPC LEASING, et al.,

                 Defendants.
-----------------------------------------------------------X

**ORDER**

CV 06-5706 (ARR) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

By order dated April 2, 2007, I directed all parties to appear before me for an initial discovery planning conference on May 10, 2007, at 10:30 a.m. Richard Lind, counsel for defendants Elis Agency, Inc. and Irina Gitsin (the "Elis defendants"), failed to appear as required at that conference, and I therefore ordered him to submit a letter by May 17, 2007 explaining why he should not be sanctioned for his failure to comply with a court order. *Id.* Mr. Lind violated the latter order as well: he did not file anything on or before May 17, 2007. He finally did file a letter on May 31, 2007, that purported to explain why his conduct should not result in any sanction. Docket Entry ("DE") 101. For the reasons discussed below, I find his explanation insufficient and therefore direct Mr. Lind to pay $250 to the Clerk of the Court pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

I had originally scheduled the initial conference in this case for April 3, 2007. My order of April 2, 2007, granted an application to adjourn that conference until May 10, 2007, based in part on the need of the Elis defendants to obtain new counsel. *See* DE 11. Two days before the adjourned conference date, Mr. Lind submitted an application to appear as substitute counsel for the Elis defendants, succeeding another attorney. DE 13. In an order dated May 9, 2007, I granted the application, fully expecting to see Mr. Lind in court the next day.

Mr. Lind did not appear at the May 10, 2007 conference. In the letter submitted some two weeks after it was due, he advises that he and his wife departed the country for a two-week vacation on the night of May 8, 2007, and that predecessor counsel neglected to advise him of the date of the initial conference. DE 101. He asserts (and I have no reason to doubt) that had he known of the conference date, he would not have sought leave to appear on behalf of the Elis defendants until returning from his vacation. *Id*.

I find the explanation insufficient. Mr. Lind personally filed the application to appear as substitute counsel on the electronic docket of the case, *see* DE 13, and therefore obviously had the ability before doing so to review the docket and become familiar with the obligations he was undertaking. Having done so, Mr. Lind had a professional duty to his client and to the court to be familiar with and to perform his obligations as counsel of record. *See, e.g.*, N.Y. Comp. Codes R. & Regs tit. 22. § 1200.30(A)(2)-(3) (2006). Failure to discharge that responsibility is no excuse for noncompliance with an express court order and absence from a scheduled conference.

Sanctions are merited "if no appearance is made on behalf of a party at a scheduling or pretrial conference." Fed. R. Civ. P. 26(f). Such sanctions can take a number of forms, including an order directing the relevant party or attorney to reimburse the reasonable expenses, including attorney's fees, of his adversaries. Fed. R. Civ. P. 16(f). Under the circumstances of this multi-party case, in which I was able to make significant progress at the planning conference despite the non-appearance of the Elis defendants, I believe that such a sanction would be unfair. I also believe it would be unfair to the Elis defendants to make them subsidize a sanction based on a violation that is entirely attributable to their attorney rather than to any lapse on their part.

Accordingly, I direct attorney Richard Lind personally to pay $250 to the Clerk of the Court no later than June 15, 2007.

    **SO ORDERED.**

Dated: Brooklyn, New York
       June 1, 2007

                                            /s/ James Orenstein
                                            JAMES ORENSTEIN
                                            U.S. Magistrate Judge