UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
    LIBERTY MUTUAL INS. CO. : 06-CV-5706(ARR) (JO)
:
                       Plaintiff, : NOT FOR PRINT OR
: ELECTRONIC
-against- : PUBLICATION
:
RPC LEASING INC. Et al. : OPINION AND ORDER
:
                       Defendant. :
:
---------------------------------------------------------------- x

ROSS, United States District Judge:

Presently before the court is Bing Li's request to reverse Magistrate Judge Orenstein's Order denying Mr. Li's application to withdraw as defendant Lynn Citron Insurance Agency, Inc.'s ("Agency") counsel.

## BACKGROUND

Mr. Li has been the attorney of record for defendants Lynn Citron, Jeffrey Citron and the Agency since the underlying action commenced in 2006. In August 2008, Mr. Li filed a motion to withdraw as Citrons' and the Agency's counsel. See Mot. To Withdraw as Attorney, Dkt. # 177. Mr. Li represented these defendants in several other actions involving the same plaintiff. Id. The impetus for Mr. Li's motion to withdraw was his clients' "inability or failure to pay their bills." Id. Mr. Li contended that the outstanding balance was "substantial" and that "continued legal representation . . . imposed a serious financial hardship to the Moving Attorney." Id.

Judge Orenstein granted the motion as to the Citrons, but denied counsel's motion regarding the Agency because he was understandably concerned that Mr. Li's withdrawal could

leave the Agency in "a position materially worse for [counsel's] absence." See Order, Dkt. # 180 (Aug. 21, 2008); Transcript of Record at 3, Liberty Mutual Ins. v. RPC Leasing, Inc., 06-cv-5706, at 8 (Aug. 21, 2008) (hereinafter "Tr."). Judge Orenstein reasoned that absent replacement counsel, "permitting . . . withdrawal would materially and adversely affect the corporate client's interests by placing it in default." Order, Dkt. # 180 (Aug. 21, 2008). He also noted that Mr. Li failed to demonstrate that the Agency, "through its inability to pay a fee standing alone, is either rendering his work on its behalf unreasonably difficult or deliberately disregarding an agreement or obligation to pay his fee." Id. In denying counsel's request, Judge Orenstein noted that if the Agency secured new counsel, he would permit Mr. Li to withdraw. Id. Mr. Li filed a motion for reconsideration, which was denied. See Order (Oct. 17, 2008). To date, the Agency has not hired replacement counsel.

## DISCUSSION

### I. Standard of Review

Pretrial, non-dispositive rulings of a magistrate judge may not be overturned unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P.72(a). The Supreme Court has explained that a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Thus, under this deferential standard, a magistrates judge's ruling on an attorney's request to withdraw representation from a client will be reversed only if it is clearly

erroneous or contrary to law, or if it constitutes an abuse of discretion. See Outar v. Greno Indust. Inc., 2005 WL 2387840, at *2 (Sept. 27, 2005 N.D.N.Y.).

## II. Standard for Withdrawal

Local Rule 1.4 of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York mandates that an attorney of record for a party "may not withdraw from a case without leave of the court granted by order." Further, "[s]uch an order may be granted only upon a showing . . . of satisfactory reasons for withdrawal." Id. The New York Code of Professional Responsibility permits permissive withdrawal of counsel if "conduct renders it unreasonably difficult for the lawyer to carry out employment effectively" or if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." 22 N.Y. C.R.R. 1200.15©. "[N]on-payment of counsel fees alone," however, "will not entitle an attorney to withdraw." Terry v. Incorp. Village of Patchogue, 2007 WL 2071557, at *3 (July 16, 2007 E.D.N.Y.); see also Fed. Home Loan Mortgage Corp. v. 41-50 78th St. Corp., 1997 WL 177862, at *4 (April 4, 1997 E.D.N.Y.) ("Without more, a client's failure to pay counsel fees is sometimes considered to be an insufficient basis for granting a motion [to withdraw.]"). Indeed, stating generally that a client owes counsel fees is not enough to justify withdrawal. See Std. Dyeing and Fishing Co. v. Hudson Valley Dyeing and Fishing Co., Inc, 1986 WL 272, at *4 (Aug. 4, 1986 S.D.N.Y.). Rather, an attorney seeking to withdraw his or her representation of a client "must set forth the details of the client's failure" to pay fees. Id.

Judge Orenstein's ruling was not clearly erroneous nor an abuse of discretion. In his original motion requesting permissive withdrawal, Mr. Li merely stated that the Agency failed to

3

pay its fees.[1] See Decl. Of Bing Li in Support of Mot. To Withdraw as Counsel, Dkt. # 178, ¶¶ 8-9 (hereinafter "Li Decl."). In his motion papers he did not, however, provide specific examples of his client's failure to pay his fees or proffer how much the Agency owed him as corporate counsel. See Whiting v. Lacar, 187 F.3d 317, 321 (2d Cir. 1999) (alleging non-payment of fees without sufficient particularity may not justify a motion to withdraw as counsel). Nor did Mr. Li in his moving papers disclose what, if any, negotiations took place between Mr. Li and the Agency regarding payments or his retainer. Rather, Mr. Li made a general assertion regarding his fees and his financial burden. Without more, this court cannot say that Judge Orenstein's decision was an abuse of discretion.

Furthermore, at a hearing Mr. Li provided the court with a few examples of the Agency's failure to pay. See Tr. at 6-7. Mr. Li did describe negotiations between himself and Ms. Citron, whereby the parties attempted to resolve the payment issue. Id. The transcript reveals that Mr. Li has attempted to secure payment beginning approximately in June 2008. Id. at 6. Yet, Mr. Li's representation of the Agency began in October 2006. Presumably then, the Agency paid Mr. Li's legal bills from 2006 until sometime in 2008. Therefore, this is not a case where a client has engaged in a longstanding practice of deliberately shirking its obligation to pay its legal bills.

---

[1] Mr. Li now argues that continued representation of the Agency would create a conflict between his current client, the Agency, and his former clients, the Citrons. See Letter to Judge Ross Requesting Review of Magistrate Judge Orenstein's Order, Dkt # 193 (Oct. 21, 2998) (hereinafter "Letter"). Furthermore, when Judge Orenstein queried counsel if there was any reason in addition to the Agency's inability to pay that rendered representation unreasonably difficult, Mr. Li did not raise the alleged conflict of interest issue. See Tr. at 6. Indeed, Mr. Li did not offer any additional reason at that time. Id. Because Mr. Li did not raise that issue in his original motion before Judge Orenstein, see Li Decl., the court will not consider that argument.

4

Furthermore, Judge Orenstein noted that Mr. Li failed to establish that the Agency *deliberately* disregarded its obligation to pay its counsel. See Tr. at 3-4. See also Std. Dyeing and Finishing Co., 1986 WL 272, at *4 (noting that a client's failure to pay over $9,000 in outstanding legal fees alone did not justify withdrawal when the moving counsel failed to offer "any facts or authorities from which [the court] could determine whether [the] client's failure to pay [was] deliberate") (internal quotations omitted). Judge Orenstein also noted that Mr. Li offered no facts, other than the Agency's inability to pay, to support Mr. Li's contention that his client's conduct rendered continued representation unreasonably difficult. See Tr. at 5-6. This reasonably lead Judge Orenstein to conclude that there was no factual basis for this assertion and Mr. Li's motion for permissive withdrawal could therefore not be granted on that ground. See Tr. at 10. Again, the court cannot conclude that Magistrate Judge Orenstein's reasoning and ruling was contrary to the law or an abuse of discretion.

Finally, Mr. Li's argument that several other judges in this court have granted similar motions in similar situations is unpersuasive. See Letter at 2. The court does not doubt that judges, applying the facts to the law, could reach a different result than the conclusion Judge Orenstein reached. That three judges did so, however, does not mean that Judge Orenstein's ruling was an abuse of discretion. As noted above, a careful review of the ethical code and the case law reveals that reasonable judges could differ on the outcome of Mr. Li's motion for permissive withdrawal. And because the record demonstrates that Magistrate Judge Orenstein did correctly apply the facts to the law after reviewing Mr. Li's motion and listening to his argument, the court is not left with the conviction that a mistake was committed.

## CONCLUSION

After reviewing the record, this court finds that Magistrate Judge Orenstein's decision was neither clearly erroneous nor an abuse of discretion. The court therefore affirms the decision of Magistrate Judge Orenstein.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: November 20, 2008
Brooklyn, New York

SERVICE LIST

Bing Li
Law Office of Bing Li, LLC
1350 Broadway
Suite 1001
New York, NY 10018


Lynn Citron, *Pro Se*
46 Eagle Chase
Woodbury, NY 11797

Jeffrey R. Krantz
Bennett, Giuliano, McDonnell & Perrone, LLP
225 West 34th Street
Suite 402
New York, NY 10122



CC: Magistrate Judge Orenstein